**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                                                 CASE NO. 06-CR-20062
      Plaintiff,                        HON. LAWRENCE P. ZATKOFF

v.

D-2 AUTUMN RIDGE HOME HEALTH CARE, INC.,
D-3 JESSE M. CRUZ,,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 10, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' November 7, 2006, motion to compel production of *Brady* material and other evidence. The Court held a hearing on the matter on November 28, 2006. At the hearing, the parties resolved their outstanding disputes, except for the production of the mental health records of codefendant and Government witness Elena Szilvagyi. On December 18, 2006, the Government submitted the records to the Court for *in camera* review. For the reasons set forth below, Defendants' motion is granted in part.

**II. ANALYSIS**

Defendants argue that the Government must produce Szilvagyi's mental health records pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), which required the production of material relevant to the impeachment of a Government witness. In *United States v. Lindstrom*, 698 F.2d 1154

(11th Cir. 1983), the Eleventh Circuit held that the failure to disclose mental health records of a witness constituted reversible error, because they had the potential to impeach the witness's credibility.[1]  The Sixth Circuit has cited *Lindstrom* for the proposition that "mental illness can indeed be relevant to a witness's credibility." *Boggs v. Collins*, 226 F.3d 728, 742 (6th Cir. 2000).

The Court holds that the Government must disclose Szilvagyi's mental health records to Defendants.  However, this does not constitute a holding that the records are admissible.  Furthermore, the Court recognizes the personal nature of the records, and orders that Defendants and their counsel not disclose the records to any third party.

## V. CONCLUSION

For the above reasons, Defendants' motion is GRANTED IN PART.  The Government is ordered to disclose Elena Szilvagyi's mental health records to Defendants.  Defendants and their counsel are ordered to not disclose the records to any third party.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 10, 2007

---

[1] The court did not reach the issue of whether the records were admissible.

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 10, 2007.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290