**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                                    CASE NO. 06-CR-20062
      Plaintiff,                  HON. LAWRENCE P. ZATKOFF

v.

D-2 JESSE CRUZ,
D-3 AUTUMN RIDGE HOME
HEALTH CARE,

      Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 3, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss Count II, made at the close

of the government's case. The government has had an opportunity to responded. The Court finds

that the facts and legal arguments are adequately presented in the parties' papers and the decisional

process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR

7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the

reasons set forth below, Defendant's motion to dismiss Count II is GRANTED.

## II. BACKGROUND

In 2001, Defendant began the process of having Autumn Ridge Home Health Care certified

as a Medicare provider. To that end, he submitted an application to the Michigan Department of

Consumer & Industry Services ("MDCIS"). The application was mailed on January 29, 2001, and

received on January 30, 2001. MDCIS forwarded the application to United Government Services, a federal contractor hired by Medicare. United Government Services received the application on February 9, 2001. Count II of the indictment alleges that Defendant falsely stated in the application that Linda Ryan had reviewed Autumn Ridge's policies to ensure that they were not discriminatory, in violation of 29 U.S.C. § 1001. The indictment was filed on January 31, 2006. Defendant alleges that the statute of limitations for Count II had expired before the indictment was filed, and thus this charge must be dismissed.

### III. ANALYSIS

Defendant notes that the application with the alleged false statement was mailed to MDCIS on January 29, 2001, and received on January 30, 2001. There is a five-year statute of limitations for violations of 29 U.S.C. § 1001. *United States v. Lutz*, 154 F.3d 581, 586 (6th Cir. 1998). Defendant argues that the statute of limitations began running at the latest on January 30, 2001, and thus had expired when the indictment was filed on January 31, 2006.

The government does not dispute that Defendant mailed the application on January 29, 2001. However, the government argues that the statute of limitations did not begin running until February 2, 2001, when MDCIS employees opened the application, or on February 9, 2001, when the application was received by United Government Services.

The Department of Heath and Human Services has authority over Medicare. Pursuant to an agreement, Health and Human Services has delegated certain administrative functions to the state of Michigan. The state acts as a "gatekeeper" for provider applications, and certifies that the appropriate requirements have been met.

29 U.S.C. § 1001(a) prohibits false statements made "in any matter within the jurisdiction

2

of the executive, legislative, or judicial branch of the Government of the United States." The Sixth

Circuit has noted that "[t]here is no implicit requirement that the [false] statements be made directly

to, or even be received by, the federal department or agency." *United States v. Lutz*, 154 F.3d 581,

587 (6th Cir. 1998) (quoting *United States v. Gibson*, 881 F.2d 318, 322 (6th Cir. 1989)). The Sixth

Circuit further noted that "false statements made in any matter within the agency's jurisdiction are

within the scope of § 1001, and courts have upheld § 1001 convictions for false statements made to

private entities receiving federal funds or subject to federal regulation or supervision." *Id.*

Thus, the Court holds that Defendant's submission of the application to MDCIS was

sufficient to bring the application within the jurisdiction of Health and Human Services. The Court

must next determine when the alleged crime was completed. In *United States v. Smith*, 740 F.2d

734, (9th Cir. 1984), the Ninth Circuit held that a violation of § 1001 was completed when the

document containing the false statement was mailed, not when it was received. The Ninth Circuit

noted that "[t]he offense is complete when the false statement is submitted. There is no requirement

that the government actually receive or rely on the statement before the offense is competed." *Id.*

at 736. The Court finds this reasoning persuasive, and holds that the alleged crime was completed

when Defendant mailed the application on January 29, 2001. Thus, the statute of limitations had run

when the indictment was filed on January 31, 2006, and the charge must be dismissed.

## IV. CONCLUSION

For the above reasons, Defendant's motion to dismiss Count II is GRANTED. Count II is

HEREBY DISMISSED.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 3, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 3, 2007.


s/Marie E. Verlinde
Case Manager
(810) 984-3290